JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

NICOLE M. KIM (NYBN 4435806)
Assistant United States Attorney

   450 Golden Gate Avenue
   San Francisco, California
   Telephone: (415) 436-6401
   Facsimile: (415) 436-6982
   E-Mail: nicole.kim@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>Guillermo Alejandro Zaragoza, et al.,<br>    Defendants. | No. CR-08-0083 PJH<br><br>GOVERNMENT'S STATEMENT RE:<br>CURRENT CASE STATUS<br><br>SAN FRANCISCO VENUE<br>Date: March 12, 2008<br>Time: 1:30 p.m. |

Now comes the United States of America by and through its undersigned attorneys and hereby submits the Government's Statement re: Current Status of the Case.

This matter is before this Court for the first time with most defendants present. No dates for motions or trial have been set. Fourteen defendants were charged in the indictment in this matter. Twelve defendants were apprehended on February 27, 2008. In addition, defendant Lorenzo Carbajal is in state custody and a writ has been submitted to the U.S. Marshals to produce this defendant on this matter, and defendant Roberto Ruiz remains at-large. Defendant Juan Zaragoza was arrested outside of this district, is in custody of the U.S. Marshals, and is in transit to this district. Eleven of the defendants are currently before this Court. Of the eleven defendants before the Court, seven defendants have immigration holds and two defendants have

been detained on the basis of danger and/or risk of flight.  In addition, six defendants have waived their rights, without prejudice, to detention hearings.  The release of defendant Paul Kozina on a $200,000 secured bond is currently pending.  Defendant David Weld was originally released on an unsecured bond co-signed by three sureties; however, this defendant is currently in state custody due to an outstanding bench warrant from San Francisco Superior Court for a drug offense.  Since defendant Weld is unable to post bail on the state matter, he remains in local custody at this time and his bail in the current matter has been revoked.  Finally, at least six of the fourteen defendants have prior drug felony convictions making them eligible for mandatory sentencing enhancement pursuant to 21 U.S.C. Section 851.

### 1.     Nature of the Case

The indictment in this matter is the culmination of an over two-year investigation by the Federal Bureau of Investigation.  In connection with the investigation, six separate court orders for electronic surveillance were obtained from March 2007 through November 2007.  The wiretaps targeted the drug distribution activity of the members of the Zaragoza family, which include Guillermo ZARAGOZA, Martin ZARAGOZA, Roberto RUIZ, Eduardo ZARAGOZA, and Juan ZARAGOZA.  Other principal defendants in this case include Manuel CORONA, Martel VALENCIA and David QUEZADA.  During the course of this investigation, approximately 6.5 pounds of methamphetamine and approximately $56,000 dollars in drug proceeds were seized from the defendants.  All of the defendants are charged in Count 1 of the indictment – a conspiracy to distribute and possess with the intent to distribute 50 grams or more of methamphetamine.  Various defendants are charged in the seven substantive counts which allege specific distributions of methamphetamine based upon actual seizures or intercepted communications.

### 2.     Electronic Surveillance[1]

On March 14, 2007, United States District Judge Jeremy Fogel signed an order authorizing the interception of communications over cellular telephone number (408) 794-9251, subscribed to in the name of Francisco Barraza, 260 Nancy Lane, San Jose, California, and

---

[1] During the period of wire interceptions over the cellular telephones listed herein, interception actually occurred.

**Government's Case Status**
**CR 08-0083-PJH**                                      2

1 utilized by MARTIN ZARAGOZA.

2 On May 10, 2007, United States District Judge Jeremy Fogel signed an order authorizing the interception of communications over cellular telephone number (415) 933-3288, subscribed to in the name of Pedro Flores, 1070 McLaughlin Avenue, San Jose, California, and utilized by MARTIN ZARAGOZA.[2]

On June 15, 2007, United States District Judge Jeremy Fogel signed an order authorizing the interception of communications over cellular telephone (408) 608-8162, subscribed to in the name of Antonio Aguilar, 399 Nancy Lane, San Jose, California, and utilized by MARTIN ZARAGOZA.

On July 30, 2007, United States District Judge Jeremy Fogel signed an order authorizing the interception of communications over (408) 771-2516, subscribed to in the name of Pancho Pantoja, 260 Nancy Lane, San Jose, California, and used by GUILLERMO ZARAGOZA.

On September 20, 2007, United States District Judge Jeremy Fogel signed an order authorizing the interception of communications over (I) (408) 771-2516, subscribed to in the name of Pancho Pantoja, 260 Nancy Lane, San Jose, California, and used by GUILLERMO ZARAGOZA; (ii) (408) 420-4083, subscribed to in the name of Zeferino Corona, 2020 E. San Antonio Street, San Jose, California, and used by MANUEL CORONA; (iii) (408) 836-4581, subscribed to in the name of Armando Corona, 850 Hopi Lane, San Jose, California, and used by MANUEL CORONA; and (iv) (408) 512-7256, subscribed to in the name of Carlos Mila, 360 Nancy Lane, San Jose, California, and used by MARTEL VALENCIA.

On October 30, 2007, United States District Judge Jeremy Fogel signed an order authorizing the interception of communications over (408) 561-5359, subscribed to in the name of Juan Camaney, 2666 S. King Road, San Jose, California, and used by MARTEL VALENCIA.

Conversations intercepted on the aforementioned wiretaps demonstrate that MARTIN

---

[2] The Application submitted in the absence of Assistant United States Attorney Stephen H. Jigger, in support of the wire communications, was in an incorrect format. As a result, even though the Orders and the underlying supporting affidavit were correct, upon discovery of this error, on May 16, 2007, all interceptions were immediately terminated. The recorded interceptions between May 10, 2007, and May 16, 20007, were sealed contemporaneously with a new Application, Order and Order to Telephone Company signed by the Court on May 17, 2007.

Government's Case Status
CR 08-0083-PJH                         3

ZARAGOZA, GUILLERMO ZARAGOZA, MANUEL CORONA, MARTEL VALENCIA, and the other indicted co-conspirators in this case were involved in the distribution of methamphetamine in the San Francisco and San Jose areas and elsewhere.

### 3. Possible Related Case

11 search warrants were executed on February 27, 2008 in connection with this case. During the search of defendant Martel VALENCIA's home in San Jose, California, an individual identified as Francisco Mora Alvarez (hereinafter "Alvarez") was found in one of the bedrooms of the house and in possession of approximately 750 grams of a mixture or substance containing methamphetamine. Alvarez was subsequently arrested and charged in a criminal complaint (Crim. No. 03-08-70105 MEJ) with a violation of Title 21, United States Code, Section 841. On March 6, 2008, a federal grand jury indicted Alvarez for the aforementioned violation. Alvarez's case (Crim. No. 08-0143) has been assigned to the Hon. Ronald M. Whyte, U.S.D.J., in San Jose, California. Although Alvarez was found in possession of methamphetamine in one of the homes of the indicted defendants in the case currently before this Court, the Government submits that at this time, the only potential overlap between Alvarez's case and the current matter is the search warrant and any suppression motions that may arise out of the search. The Government will file related case notices to both this Court and the Hon. Ronald M. Whyte which will explain in more detail any potential overlaps between these two cases.

### 4. Discovery

This case is complex because six separate periods of electronic surveillance were used and search warrants were executed at 11 locations. The United States has assumed that opposing counsel agree to be bound by the reciprocal provisions of Fed. R. Crim. Rule 16(b)(1), and as a result the United States will voluntarily provide Rule 16 discovery. The following information summarizes the material known to the Government at this time and which has been or will be provided to counsel forthwith. Materials solely relating to individual defendants will only be provided to their respective counsel.

Discovery in this case has already commenced. Legal documents including wiretap affidavits, applications and orders have already been disclosed. Copies of all recorded conversations have also been disclosed. Line sheets and draft transcripts of the wire

**Government's Case Status**
**CR 08-0083-PJH** 4

interceptions have been disclosed and the Government has requested all parties to sign a stipulation regarding such transcripts. In addition, to assist the defense, separate CDs which contain all of the intercepted communications for each defendant have already been disclosed. The search warrant affidavit, applications for the search warrants, the warrants, as well as the pen registers and pole camera information will be provided to opposing counsel shortly.

Rule 16(a)(1)(A) - <u>Oral Statements In Response to Interrogation</u>

Reports of any oral statements made by individual defendants to law enforcement will be provided to their respective counsel.

Rule 16(a)(1)(B) - <u>Written or Recorded Statements</u>

a. None of the defendants appeared before the grand jury, nor did any provide written statements regarding the offenses charged in the indictment.

b. As noted above, wiretap recording have already been disclosed and transcripts and translations will be provided on an ongoing basis.

Rule 16(a)(1)( D) - <u>Prior Criminal Records</u>

Many of the defendants have prior criminal records, including prior drug convictions. Copies of individual rap sheets will be provided to counsel.

Rule 16(a)(1)(E) - <u>Documents and Objects</u>

Documents and objects including those obtained from any defendant, may be examined by contacting F.B.I. Special Agent Douglas Cook at (415) 418-8907.

Rule 16(a)(1)(F) - <u>Reports of Examination and Tests</u>

 DEA drug laboratory reports are ongoing. Most of the reports have already been provided to counsel. Other reports will be provide upon receipt by the Government. In addition, any other reports of examination will be provided upon receipt.

Rule 16(a)(1)(G) - <u>Expert Witnesses</u>

Absent stipulation, as necessary, the Government will utilize language experts to translate Spanish conversations and writings into English. A

DEA forensic chemist will testify concerning the chemical composition, nature of ice/pure methamphetamine, and the laboratory analysis reflected in the reports described above. Finally, a DEA expert will testify concerning the street value/wholesale value of ice/pure methamphetamine as sold in domestic distribution.

**5.   Trial Management**

Because there are defendants who have yet to be transported to this district and one defendant who remains at-large, the possibility of a related case, and because discovery has just commenced, it is recommended that this matter be continued for sixty days for further status. This continuance will allow out-of district defendants to arrive and obtain counsel while permitting the discovery process to proceed and the resolution of the related case matter. The Speedy Trial Act provides, and the Government requests, pursuant to 18 U.S.C. §§ 3161(h)(8)(A) and (B)(ii) and (iv), a finding of excludable time for the entire period from the inception of the case[3] through and including May 12, 2008 on the basis of complexity, the need for effective preparation, and continuity of counsel.

The Government recognizes that the <u>current</u> number of defendants makes a single trial unmanageable. However, consolidated consideration of pre-trial discovery and other issues is necessary. Well in advance of a trial, and after any pre-trial motions and guilty pleas have been entered in the case, the Government will propose to the Court a manageable breakdown of the remaining defendants for trial.

DATED: March 11, 2008.                    Respectfully submitted,

                                          JOSEPH P. RUSSONIELLO
                                          United States Attorney

                                          /s/ Nicole M. Kim
                                          _____
                                          NICOLE M. KIM
                                          Assistant United States Attorney

---

[3] Twelve defendants made their initial appearance in U.S. District Court on this matter on February 27, 2008.

**Government's Case Status**
**CR 08-0083-PJH**                                 6