```
1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney
2
   BRIAN J. STRETCH (CABN 163973)
3  Chief, Criminal Division

4  NICOLE M. KIM (NYBN 4435806)
   Assistant United States Attorney
5
       450 Golden Gate Avenue
6      San Francisco, California
       Telephone:  (415) 436-6401
7      Facsimile: (415) 436-6982
       E-Mail:  nicole.kim@usdoj.gov
8
   Attorneys for Plaintiff
9
```

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO AND SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-08-0083 PJH |
| | [Filed February 19, 2008] |
| v. | (San Francisco Venue) |
| GUILLERMO ALEJANDRO ZARAGOZA, et al., | |
| Defendants. | |
| UNITED STATES OF AMERICA, | No. CR-08-0143 RMW |
| | [Filed March 6, 2008] |
| v. | (San Jose Venue) |
| FRANCISCO MORA ALVAREZ, | |
| Defendant. | NOTICE OF RELATED CASE IN A CRIMINAL ACTION |

     The United States of America, pursuant to Local Criminal Rule 8-1, hereby notifies the Court that the two above-captioned criminal cases are related in a limited manner. The more

**Notice of Related Cases:**
**U.S. v. Guillermo Zaragoza, et. al (08-0083 PJH)**
**U.S. v. Francisco Mora Alvarez (08-0143 RMW)**

1 recent charge filed on March 6, 2008 in United States v. Francisco Mora Alvarez (Crim. No. 08-
2 0143 RMW) involves evidence found pursuant to an execution of a search warrant that is related
3 to the charges in United States v. Guillermo Alejandro Zaragoza, et. al (Crim. No. 08-0083 PJH)
4 (hereinafter the "Zaragoza case"), a case currently pending before the Hon. Phyllis J. Hamilton.

5      The Zaragoza case involves a six-month long wiretap investigation of the
6 methamphetamine trafficking activities of various individuals in the San Francisco and San Jose
7 areas. In connection with this investigation and based on the information obtained from the
8 court-authorized wire interceptions, 11 search warrants were executed on February 27, 2008.
9 One of these searches was executed on the home of Martel Valencia (hereinafter "VALENCIA"),
10 who is a defendant in the Zaragoza case. During this search, Francisco Mora Alvarez
11 (hereinafter "ALVAREZ") was found in one of the bedrooms in possession of, among other
12 things, approximately 750 grams of a mixture or substance containing methamphetamine.
13 ALVAREZ was subsequently arrested and charged in a criminal complaint with a violation of
14 Title 21, United States Code, Section 841. On March 6, 2008, a federal grand jury indicted
15 ALVAREZ for the aforementioned violation. The ALVAREZ case was venued in San Jose,
16 California, and is currently pending before the Hon. Ronald M. Whyte.[1]

17      The Government submits that these two cases are related within the meaning of Local
18 Rule 8-1(b)(1) because they overlap in that they share a common search and probable cause. It
19 is anticipated that VALENCIA and ALVAREZ may file suppression motions in connection with
20 this search.[2] Furthermore, the cases are related within the meaning of Local Rule 8-1(b)(2)

---

[1] A status conference has been in scheduled in the ALVAREZ matter on April 7, 2008 at 9:00 a.m.

[2] However, the Government submits that ALVAREZ's ability to contest the search of VALENCIA's home is severely circumscribed for the following several reasons. First, although VALENCIA was a named interceptee in the court-authorized wiretaps in the Zaragoza case, ALVAREZ was not a named interceptee on any of these wiretaps. Second, ALVAREZ has not shown any claim of ownership over any of the cellular telephones that were the subjects of the wiretaps. Third, there are no known interceptions of ALVAREZ on any of the wiretaps. Therefore, at this time and absent a contrary showing by ALVAREZ, the Government submits

**Notice of Related Cases:**
**U.S. v. Guillermo Zaragoza, et. al (08-0083 PJH)**
**U.S. v. Francisco Mora Alvarez (08-0143 RMW)**          2

because if heard by separate judges they likely would involve substantial duplication of labor by the two judges.

Based on the foregoing, the Government respectfully suggests that the Court make a determination as to consolidating these cases once any suppression motions regarding the search of VALENCIA's home have been filed.[3]  That way, the Court may be in a better position to assess whether there exists sufficient overlap between the two cases and whether the need for judicial economy and the conservation of judicial resources justify the assignment of the cases to a single judge.

Date: March 12, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

/s/ Nicole M. Kim
_____
NICOLE M. KIM
Assistant U.S. Attorney

---

that ALVAREZ is not an "aggrieved person" within the meaning of Title 18, United States Code, Section 2518(10)(a), or an individual who may move to suppress the wiretaps in the Zaragoza case. Since the probable cause underlying the search of VALENCIA's home was based on information obtained from the court-authorized wiretaps in the Zaragoza case, and since, as described above, ALVAREZ does not have standing to challenge these wiretaps, ALVAREZ's ability to contest the search of VALENCIA's home as a result is severely constricted.

[3] With respect to the handling of any suppression motions of this search, the Government requests that the motions be handled in a consolidated matter.

**Notice of Related Cases:**
**U.S. v. Guillermo Zaragoza, et. al (08-0083 PJH)**
**U.S. v. Francisco Mora Alvarez (08-0143 RMW)**

3